Frank J. Kronenberg, J.
Plaintiff has instituted an action to recover for personal injuries sustained as a result of an accident occurring in Ohio on March 14,1965.
Defendant by his answer alleges that the action is barred by reason of the Guest Statute of the State of Ohio.
Defendant by motion for partial summary judgment requests an order of this court determining that the Ohio Guest Statute is applicable. Plaintiff contends that the Guest Statute does not apply but that under the conflicts of law doctrine, the law of the State of New York governs.
Plaintiff at the time of the accident was domiciled and was a permanent resident of New York. The defendant at the time of the accident was also domiciled and a permanent resident of New York.
Plaintiff was a passenger in a vehicle owned by the defendant, which vehicle was registered under the laws of New York and therefore, insured under the laws of New York.
Plaintiff and defendant both were students at Capital University in Columbus, Ohio. On a weekend in March, 1965 plaintiff and defendant returned together to their homes in Niagara Falls, New York, from Capital University. On Sunday, March 14, 1965 the defendant made arrangements to pick up the plaintiff at the latter’s home in Niagara Falls, New York, for .the purpose of returning to college. Before reaching their destination the accident in question occurred in Ohio.
Plaintiff is uncertain whether defendant offered a ride to plaintiff on this week or whether plaintiff heard that the defendant was going home and asked for the ride but plaintiff ‘‘ imagined ’ ’ that he asked defendant for a ride. Two other young men accompanied plaintiff and defendant; one, an Ohio resident, was a guest at plaintiff’s home, and the other returned to his own home at Sanborn, New York.
*883 Prior to the historic decision of Babcock v. Jackson (12 N Y 2d 473 [1963]), New York applied the substantive law of the place of the commission of the tort in conflict of laws cases dealing with personal injury arising out of tortious conduct. If an accident occurred in Ohio, that fact alone required the application of Ohio law.
The Babcock case (supra) changed the “ mechanical formula ” previously applied to tort cases to a “ center of gravity” or “ grouping of contacts ” doctrine similar to the New York conflicts rule applied to contract cases (i.e., Auten v. Auten, 308 N. Y. 155 [1954]).
In the Babcock case (supra) three Rochester, New York residents left Rochester for a week-end trip to Canada. Miss Babcock was a guest in the Jackson car and while in Ontario, Canada was involved in a one car accident.
An action was instituted in New York and .the Ontario Guest Statute, which absolutely bars recovery to injured guests, served as the basis of defendant’s motion to dismiss the complaint. Special Term dismissed the complaint and was affirmed by the Appellate Division but the Court of Appeals reversed and reinstated the complaint.
The majority of the court, in adopting a “ grouping of contacts ” theory, noted that the injuries were sustained by a New York guest as the result of .the negligence of a New York motorist in operating a New York automobile in the course of a weekend journey that was to begin and end in New York. (The case before us began and ended in Ohio.)
The court found that the “ rules of the road ” of Ontario were to be applied in determining negligence; however, they did not perceive that Ontario had any interest, under .the facts. of the case, in applying its Guest Statute, allegedly enacted to protect Ontario insurance carriers from fraudulent claims.
In holding that the legal implications of the host-guest relationship were governed by New York law, .the court stressed that it was in New York where:
(a) the parties resided;
(b) the host-guest relationship arose;
(c) the trip began and was to end.
The Babcock decision (supra) was followed in the Court of Appeals by Dym v. Gordon (16 N Y 2d 120 [1965]).
In the Dym case (supra) both parties were domiciled and residents of New York riding in an automobile registered and insured in New York. The plaintiff and defendant were temporary residents of Colorado, having arrived separately at the *884 University of Colorado for a summer session. No prior arrangements to meet or to ride in an automobile had been made in New York.
The parties left Boulder, Colorado for Longmont, Colorado in the defendant’s automobile when they were involved in a collision with a vehicle of a Kansas resident.
In holding that the domicile of the parties and the 1 ‘ public policy ” of New York against guest statutes were not controlling, the majority of the court found that the Colorado G-uest Statute applied.
The Babcock case (supra) was distinguished in the Bym case (supra) as follows:
(1) Bym involved a collision between .two cars;
(2) the parties were temporary Colorado residents and had voluntarily chosen to accept the benefits and burden of Colorado law;
(3) the host-guest relationship was formed in Colorado;
(4) the automobile trip was to begin and end in Colorado.
The court in Dym v. Gordon (16 N Y 2d 120, 127) pointed out: ‘1 Here * * * the only valid competing consideration bearing on the host-guest relationship is that of domicile. However appealing it might seem to give effect to our public policy on this issue, merely because the negligent driver of the car in the collision, and his guest, are domiciled here, to do so would be to totally neglect the interests of the jurisdiction where the accident occurred, where the relationship arose and where the parties were dwelling * * * To give domicile or an alleged public policy such a preferred status is to substitute a conflicts rule every bit as inflexible and arbitrary as its lex loci predecessor. Such was not our intention in Babcock.”
Most recently, the Court of Appeals decided Miller v. Miller (22 NY 2d 12).
On August 10, 1961 the late Earl Miller, a resident of Harrison, New York, embarked on a business trip to Brunswick, Maine, where his brother resided and where they had mutual business interests. On August 12, 1961, while a passenger in a car driven by said brother, Earl Miller was killed when said vehicle swerved off the road.
Some three months after the accident, decedent’s brother, who had been a Maine resident, returned with his wife (the owner of the vehicle in question) to New York State where they presently reside.
Thereupon this wrongful death action was instituted against decedent’s brother and sister-in-law. As a partial defense to *885 the wrongful death action, .the defendants asserted the $20,000 limitation of recoveries in wrongful death actions in effect in Maine at the time of decedent ^s death.
The issue presented was whether the limitation on recovery under Maine law should be applied in an action brought for the benefit of the New York resident wife and children of a New York decedent against New York resident defendants where the accident took place in Maine and the defendants resided there at the time of the accident.
The court pointed out the changes since Babcock v. Jackson, (supra) and stated (pp. 15-16): “ While this approach has been denominated under such various headings as 1 grouping of contacts ’ and 6 center of gravity ’, and while candor requires the admission that our past decisions have lacked a precise consistency, the rule which has evolved clearly in our most recent decisions is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict.”
The court concluded that in the Miller case (supra, p. 18) lt it is New York which has 1 the predominant ® * * interest in the protection and regulation of the rights of the * e * persons involved? ? 5 and consequently the dismissal of the defendants ’ partial defense was affirmed.
It is now quite clear that the particular location where the trip from New York to Ohio was planned is not controlling. Nor will the conflicts of law questions be resolved in the future solely by reason of the domicile of both parties. "While these are important facts, the governing force will be as stated in Miller v. Miller (supra, pp. 15-16), that 66 the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict,11 (Italics supplied.)
In the instant case, no purpose of Ohio would be advanced by applying its Guest Statute. The Guest Statute does not regulate the conduct or rules of the road. Furthermore, no public policy of Ohio would be violated by not applying the Guest Statute. We of course are concerned with and bound by the policy of Ohio determining whether the defendant was negligent under its standards and its rules of conduct. However, all of the qualitative contacts here are in the State of New York which has paramount interest.
*886 Ohio’s connection with this accident from a policy point of view is nothing more than u fortuitous None of its social purposes would he served by applying its Guest Statute.
Therefore, defendant’s motion for an order of partial summary judgment must be and hereby is denied.